IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC WEEDON, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-15-1990
:
SGT. ADAMS, ET AL., : (Judge Conaboy)
:
    Defendants :

**MEMORANDUM**
**Background**

    Eric Weedon, an inmate presently confined at the Fayette State Correctional Institution, Labelle, Pennsylvania (SCI-Fayette), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. By Order dated January 27, 2016, Plaintiff's proposed amended complaint (Doc. 17) was accepted and his unopposed, request to withdraw his claims against Defendants Morris, Kaleta, and Kasie was granted.

    By Order dated August 15, 2016, Plaintiff's request to withdraw his claims against Defendants Fetterman, Wojcik, and Dressler and Remaining Defendants' concurred in motion for partial dismissal were granted. See Doc. 24. Thereafter on November 2, 2016, Plaintiff's request to withdraw his claims against Defendants Schooley. Zechman, and the three (3) John Doe

1

Defendants was granted. See Doc. 31. On July 21, 2017, Plaintiff's second amended complaint (Doc. 33-1) was accepted.

The Remaining Defendant is Sergeant Thomas Adams who is employed at Plaintiff's prior place of confinement, the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.). Plaintiff contends that he was subjected to an excessive use of force by Defendant Adams. According to the second amended complaint, Plaintiff was involved in an altercation with an SCI-Coal Twp. Correctional officer on January 31, 2014. Sergeant Adams was the first staff member to respond to the fight. Upon his arrival, Adams allegedly jumped on Weedon's back and pinned him down. The Remaining Defendant then purportedly directed another correctional officer to repeatedly punch and kick the prisoner.

Presently pending is the Remaining Defendant's motion for summary judgment. See Doc. 41. Sergeant Adams claims entitlement to entry of summary judgment on the grounds that Weedon failed to exhaust his administrative remedies. The opposed motion is ripe for consideration.

## Discussion

### Standard of Review

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-

2

32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a

3

preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Administrative Exhaustion**

Title 42 U.S.C. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007); see also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his

4

complaint that he has exhausted administrative remedies). Rather, pursuant to the standards announced in Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997), it is the burden of a defendant asserting the defense of non-exhaustion to plead and prove it.[1] The United States Supreme Court in Jones noted that the primary purpose of the exhaustion requirement is to allow prison officials to address complaints before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004). As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

The Court of Appeals for the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion

---

1. In Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit similarly stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."

5

requirement. Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 75. A subsequent decision by the Third Circuit Court of Appeals reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006). The Court of Appeals has also rejected "sensitive' subject matter or a general fear of retaliation as a basis for excusing a prisoner's failure to exhaust." Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

A Consolidated Inmate Grievance Review System has been established by the DOC.[2] Section V of DC-ADM 804 states that every individual committed to its custody shall have access to a formal procedure through which to seek the resolution of problems or other issues of concern arising during the course of confinement. It adds that the formal procedure shall be known as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal. Section VI ("Procedures") of DC-ADM 804 provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based, but allowances of extensions of time will be granted under certain circumstances.

An appeal from the Grievance Coordinator's Initial Review decision may be made in writing within ten (10) working days to the Facility Manager or Superintendent. A final written appeal

---

2. The DOC's grievance system has been periodically amended.

may be presented within fifteen (15) working days to the Secretary's Office of Inmate Grievances and Appeals (SOIGA). A prisoner, in seeking review through the DOC grievance system, may include reasonable requests for compensation or other legal relief normally available from a court. However, an improperly submitted grievance will not be reviewed.

The Remaining Defendant acknowledges that Plaintiff initiated two administrative grievances, Grievance # 499613 and Grievance # 499927, regarding the claims set forth in the second amended complaint. However, since Weedon voluntarily withdrew both grievances prior to final administrative review, the Remaining Defendant concludes that there was non-compliance with the exhaustion requirement.

In support of the non-exhaustion argument, a declaration under penalty of perjury by SCI-Coal Twp. Superintendent's Assistant Trisha Kelly has been submitted. See Doc. 42-1. Kelly states that as the prison's Grievance Coordinator she maintains a file of all grievances filed at the prison. According to those records, Weedon withdrew both of his relevant administrative grievances on March 13, 2014.

In an opposing brief, Plaintiff "readily concedes the claims were not administratively exhausted." Doc. 44, p. 1. Weedon argues that his non-exhaustion should be excused because he was threatened with physical harm, specifically, a return placement in a psychiatric observation cell (POC) by prison officials if he pursued his grievances.

A reply brief by Sergeant Adams includes a copy of a written signed statement by Plaintiff wherein he states that his decision

7

to withdraw his grievance against the Remaining Defendant " has been made all by myself without the help of anyone else and/or I was not forced to make this choice by the Captain or Major in this matter."[3]  Doc. 46-1, p. 5.

This is clearly not a case where prison officials failed to provide a prisoner with the necessary means to file an administrative grievance.  On the contrary, it is undisputed that Plaintiff filed two relevant grievances.  As discussed above, it has bee recognized that general fear of retaliation is not a proper basis to excuse non-exhaustion.  In Barger v. Walton, 317 Fed. Appx. 188, 190 (3d Cir. 2009), the Third Circuit Court of Appeals stated that a prisoner seeking to be excused from the exhaustion requirement on the grounds of threats of retaliation must make a "sufficient showing of intimidation."

In the present case the correctional officials who allegedly threatened Plaintiff with retaliation have not been specifically identified.  Weedon states that he was placed in a POC on February 6, 2014, within one week of the alleged use of excessive force by Adams.  The inmate indicates that he was held in the POC for approximately five (5) days and upon his release he was threatened with a return POC placement if he did not withdraw his grievance against Adams.  See Doc. 45.

Grievances #4999613 and # 499927 which alleged the assault by Adams are both dated February 19, 2014.  See Doc. 42-1, pp. 43 & 47. Based on the timeline established by Plaintiff's own averments he could not have been coerced into withdrawing a

---

3.  The statement lists Major Baumbach and Captain Stetler as being present when it was made.

8

grievance against Adams upon his release from the POC since the grievances at issue had not yet been prepared. Accordingly Weedon has not made a sufficient showing of intimidation as required under Barger.

Based upon an application of the well settled administrative exhaustion standards and the undisputed supporting evidence presented by Defendant Adams, he has satisfied his burden of demonstrating that the substance of the Plaintiff's surviving claims was not encompassed within any grievance filed to final administrative review by Weedon. Moreover, the Plaintiff has not provided the Court with any sufficient basis upon which it could be concluded that he is entitled to be excused from the exhaustion requirement. Accordingly, Remaining Defendant Adams is entitled to entry of summary judgment on the basis of non-exhaustion of administrative remedies. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: FEBRUARY /  , 2018